## BROCKHAN *v.* HIRSCH *et al.*

There being no conflict in the evidence on the material and controlling issues in the case, and that introduced, with all reasonable deductions or inferences therefrom, demanding a verdict for the defendant, the court did not err in directing the jury to so find.  Civil Code, §5331.

Argued February 19,—Decided August 9, 1907.

Equitable petition.  Before Judge Pendleton.  Fulton superior court.  April 5, 1906.

The plaintiff, Brockhan, filed a bill in Fulton superior court against Hirsch, and Nelms, sheriff, seeking to set aside the sale of certain lands made by said sheriff under executions in favor of said Hirsch, the lands being purchased by the last-named defendant. The material allegations of plaintiff's petition are as follows: Petitioner executed to M. & J. Hirsch a mortgage on certain described lands consisting of a tract containing 91.6 acres in the 14th district of Fulton County, and also an undivided half interest in a lot in the City of Atlanta, fronting 92 ft. on Ivy street; said mortgage was afterwards transferred to defendant Hirsch, and foreclosed by him on all said lands, September 25, 1899, for $7,225.40, principal and interest. In November, 1899, a certain execution in favor of one Koch was levied on the said lands in the 14th district of Fulton County, which had been previously mortgaged to Hirsch, and also on a lot fronting on Ivy street, not included in the Hirsch mortgage. The last-mentioned execution in favor of Koch was thereafter transferred to Hirsch; and certain tax executions, amounting to about $1,780, against the said Ivy street lot which had been levied upon by the said Koch, were also transferred to defendant Hirsch. In December, 1900, the Ivy street lot was sold by Hirsch under the Koch fi. fa., and purchased by said Hirsch for $3,800, a part of which sum was applied to the payment of said tax executions against said land, and not credited on the said fi. fa., which petitioner alleged was a wrongful application of that part of the funds arising from the sale of the lands. In March, 1901, the other lot fronting 92 feet on Ivy street was sold under the Koch fi. fa., and bought by Hirsch for the sum of $7,200. It is charged in the petition, that, at the time the last-mentioned lot on Ivy street was being sold by the sheriff, "there was a large crowd of about one hundred persons assembled in front of the court-house and around four other auctioneers who were conducting auction sales there, and making a great noise and uproar," and "petitioner further shows that after said sheriff had read the advertisement for the sale of your petitioner's said property, and before bidding began, the attorney for said Hirsch spoke up and said in a loud, commanding voice: 'Give notice that whoever buys this property must pay for it before two o'clock, or it will be resold.' . . . And said sheriff gave said notice." And peti-

tioner charges that this notice was given for the purpose of preventing bidding and to depress the sale, and that it did prevent bidding and depress the sale, and that "on account of said noise and uproar, and the unwarrantable interference of said Hirsch's attorney, the said Hirsch was enabled to buy petitioner's land . . . for the low price of $7,200, which was less than half its value." Substantially the same complaint is made in regard to noise and confusion which prevailed at the time the 91.6 acres in the 14th district was exposed for sale; and petitioner contends that said noise and confusion depressed the bidding and caused the land to bring less than its true value. She further complains that the Koch fi. fa. was levied upon the 91.6 acres in the 14th district, and also upon the two lots fronting on Ivy street, and that although only one of the Ivy street lots was sold under said fi. fa., the sheriff made an entry thereon reciting that "the property described in the attached levy" was sold; and petitioner alleges that this entry and record, the same being recorded in the book of deeds in the clerk's office, "was a great wrong to her, . . because it prevented bidders from attending the sales and prevented bidding" when the other lot on Ivy street and the land in the 14th district were offered for sale.

The defendants denied that any fraud had been practiced upon the petitioner in the manner of conducting said sales, and alleged that she was present during the sale of her property, and made no request of the sheriff to put a stop to the noise and disorder, or to suspend the sale until quiet was restored; that she consented to the application of part of the proceeds of the first sale to the payment of the tax fi. fas.; and was not damaged by the erroneous entry of the sheriff on the execution above referred to. At the conclusion of the testimony, the court directed a verdict in favor of the defendants, and the plaintiff excepted.

*Lavender R. Ray,* for plaintiff. *Candlers, Thomson & Hirsch* and *W. S. Thomson,* for defendants.

BECK, J. (After stating the facts.) On the controlling issues of the case there was no material conflict in the evidence, and that submitted would have authorized no other verdict than the one which the trial judge directed in favor of the defendant.

Complaint is made of the appropriation of part of the proceeds

of the first sale to the payment of tax fi. fas., which had been issued against the plaintiff, and which had been transferred to Hirsch upon his payment of the amount due upon them. It may be true that, as a strict matter of law, the holder of the tax fi. fas. might not have had a right to claim any part of the funds produced by this sale, and that the land would not have been freed from the lien of those tax fi. fas.; but conceding this, the plaintiff in error can derive no advantage from it in this case, for it is affirmatively shown by uncontroverted testimony that this application of the proceeds of the sale referred to was made with the plaintiff's consent. Mr. Hopkins, who made the agreement with the defendant's counsel for this application of such part of the proceeds as might be necessary to pay the tax fi. fas., testified to the fact of the agreement, and that in this matter he was representing Miss Brockhan; and the truth of this testimony is nowhere denied. On the contrary, it was corroborated by a distinct admission in one paragraph of plaintiff's petition as originally filed. This paragraph was stricken by amendment, but was introduced in evidence by defendant, and is in the following language: "Your petitioner, through her attorney at law, in a spirit of liberality toward said Henry Hirsch, seeing he was determined to so apply said money, allowed $1780.55 of said purchase-money to be applied to the payment of said tax executions."

Touching the second ground of alleged fraud relating to the erroneous entry by the sheriff, that the entire property described in the levy had been sold, when in fact only one piece had been sold, it might be said that there is nothing in the evidence to suggest that this was done with a fraudulent intent, and the entire evidence upon this subject strongly negatives the existence of such an intent. And besides this, there is no testimony coming from any witness to show that the slightest harm resulted to Miss Brockhan from the making of this entry, as it does not appear that any prospective purchaser or any one else saw or was influenced by this erroneous entry.

The third ground upon which the charge of fraud is predicated relates to the announcement, at the sale of the property fronting 92 feet on Ivy street, that a resale would be made at two o'clock if the bids were not paid. This ground is without merit, because there was nothing in the announcement or conduct of the sheriff

which was illegal, as he had a right under the law to give notice of a resale in case of a failure of the bidders to pay the amount of the bid by a reasonable hour on the day of the sale. Civil Code, §5466; *Suttles* v. *Sewell,* 109 *Ga.* 707. It is not insisted that the time fixed was in any way unreasonable; and we can not see that the fact of this announcement having been made at the suggestion of counsel for Hirsch could have had the effect of making any act illegal if otherwise unexceptionable, unless it was made to appear that some harm resulted to the party whose property was being offered for sale; and no testimony was introduced to show that harm did result or could have resulted.

The next ground of fraud is the alleged inadequacy of the price for which the property therein referred to was sold, and the noise and confusion existing in front of the court-house at the time of the sale. Here again there is a total lack of evidence which would have authorized the jury upon this issue to have made a finding contrary to that directed by the court. That there was considerable noise and confusion, and probably more than should have been tolerated by the sheriff, appears to be shown by the testimony in the record. But whether or not this had an injurious effect upon the sale is purely speculative. Besides, the complainant in this case was present at the sale, and made no objection to proceeding with the same at that time. Had she made a request of the sheriff to restore order and quiet, or had she made objection to the sale proceeding under the surroundings as they existed at that time, and then in case the sheriff had failed either to take steps to put a stop to the disorder and confusion prevailing, or to suspend the sale until the noise and confusion had ceased, she might have had good grounds for objecting to the consummation of the sale; and if her request and objection had been disregarded, there might have been valid grounds for setting aside the sale; at least a question would have been raised, under the pleadings setting up those facts, for determination by a jury, as to whether or not she had been harmed. But in order to take advantage of those grounds she should have acted promptly. Having failed to act in limine, and waited until this late day, she could not prevail in this action upon this ground without introducing evidence showing that she was harmed by the sale having taken place under the circumstances narrated in her petition.

No material error appearing to have been committed by the trial judge in the conduct of the case, the judgment directing a verdict is

*Affirmed. All the Justices concur.*